

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. Kennedy
County Attorney
Beeville, Texas

Dear Sir:

Opinion No. O-1214
Re: Method of arriving at value
of shares in National Banks for
taxation purposes.

We received your letter of August 1, 1939, advising us
of the following facts: The First National Bank of Beeville is
located within the boundaries of the Beeville Independent School
District. The Bank has complied with Article 7166, Revised Civil
Statutes, in furnishing the tax assessor of the district with a list
of the shares of stock of said bank and the names and addresses of
the owners thereof. The district and the bank are in agreement on
all questions except one, which is, the bank insists that the value
of all real estate belonging to said bank wherever situated should
be deducted from the value of the shares whereas the school district
insists that in arriving at the value of the stock to be taxed
against the stockholders only the value of the bank's real estate
situated within the limits of the school district should be deducted
from the value of such shares of stock. You request our opinion as
to which party is correct in its contention.

Section 548, Chapter 4, Title 12, U.S.C.A., provides auth-
ority from the Congress of the United States for the several states
to tax shares in and real estate belonging to National Banks. The
Revised Statutes of Texas of 1879 contained no provisions affirma-
tively authorizing the taxation of land belonging to National Banks.
In the absence of such provisions, it was held in the case of
Rosenburg vs. Weeks, 4 S. W. 899, that such property could not be
taxed. In 1885 an enabling act was passed, the same now being
Article 7166, Revised Civil Statutes, reading as follows:

"Every banking corporation, State or national, doing
business in this State shall, in the city or town in which
it is located, render its real estate to the tax assessor

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

at the time and in the manner required of individuals.
At the time of making such rendition the president or
some other officer of said bank shall file with said
assessor a sworn statement showing the number and amount
of the shares of said bank, the name and residence of
each shareholder, and the number and amount of shares
owned by him. Every shareholder of said bank shall, in
the city or town where said bank is located, render at
their actual value to the tax assessor all shares owned
by him in such bank; and in case of his failure so to do,
the assessor shall assess such unrendered shares as other
unrendered property. Each share in such bank shall be
taxed only for the difference between its actual cash
value and the proportionate amount per share at which its
real estate is assessed. The taxes due upon the shares of
banking corporations shall be a lien thereon, and no
banking corporation shall pay any dividend to any share-
holder who is in default in the payment of taxes due on
his shares; nor shall any banking corporation permit the
transfer upon its books of any share, the owner of which
is in default in the payment of his taxes upon the same.
Nothing herein shall be so construed as to tax national
or State banks, or the shareholders thereof, at a greater
rate than is assessed against other moneyed capital in the
hands of individuals."

In view of the holding of the Supreme Court in the above
case that the State taxing authorities could not levy and collect
taxes upon real estate belonging to National Banks without a statute
affirmatively authorizing the same, we think it follows that neither
the State nor any of its subdivisions may levy and collect taxes
against real estate belonging to or shares in National Banks beyond
the authority of the statute authorizing taxation of such properties.
It is especially noted that the statute provides that "each share
in such bank shall be taxed only for the difference between its
actual cash value and the proportionate amount per share at which
its real estate is assessed." This was evidently intended to avoid
what may be considered a species of double taxation upon real estate
belonging to such banks. Such intention would be defeated in part
if in arriving at the value of the shares the value of real estate
situated outside of the taxing district should not be deducted
along with the value of land situated within such district. Each
of such shares manifestly can be taxed by only one school district.
The statute quite plainly says that the assessed value of the real
estate belonging to any such bank shall be deducted from the value

of the shares in arriving at the amount at which the latter shall
be taxed.  The Legislature having so provided, our answer to your
question necessarily follows that the First National Bank of Bee-
ville is correct in its contention.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:N

APPROVEDAUG 10, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *RW*
CHAIRMAN